# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND

CHAMBERS OF
CHARLES D. AUSTIN
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7810
MDD_CDAChambers@mdd.uscourts.gov

September 4, 2026

LETTER TO ALL COUNSEL OF RECORD

Re: *David C. v. Frank Bisignano, Commissioner, Social Security Administration*[1]
Civil No. 24-2247-CDA

Dear Counsel:

Pursuant to Local Rule 105.10, Plaintiff David C. ("Plaintiff") filed a Motion to Reconsider (the "Motion") the Court's July 30, 2025 Memorandum Opinion and Order (the "July 30, 2025 Decision"), which affirmed the Social Security Administration's ("SSA's" or "Commissioner's" or "Defendant's") decision and closed this case. ECF 18. Defendant filed a response in opposition. ECF 19. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2025). For the reasons explained below, the Court will DENY the Motion.

## I. LEGAL STANDARD

The Court's review of an ALJ's decision is limited to determining whether substantial evidence supports the ALJ's findings, *see* 42 U.S.C. § 405(g), and whether the ALJ properly applied the relevant legal standards, *see Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). When deciding whether to reconsider a judgment under Local Rule 105.10, the Court uses the standard relevant to motions for reconsideration brought under Federal Rule of Civil Procedure 59(e). *See Crocetti v. Comm'r, Soc. Sec. Admin.*, No. SAG-17-1122, 2018 WL 3973074, at *1 (D. Md. Aug. 1, 2018). Under Rule 59(e), the Court may alter or amend a prior decision if: (1) there has been an intervening change of controlling law; (2) new evidence has become available; or (3) "there has been a clear error of law or a manifest injustice." *Robinson v. Wix Filtration Corp. LLC*, 599 F.3d 403, 407 (4th Cir. 2010). "The grounds for reconsideration are purposefully narrow to prevent the motion from being used to ask the Court to rethink what the Court had already thought through—rightly or wrongly." *Crocetti*, 2018 WL 3973074, at *1 (internal quotation marks and citation omitted). "Rule 59(e) motions may not be used, however, to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998)

[1] Plaintiff filed this case against Martin O'Malley, the Acting Commissioner of Social Security, on May 29, 2024. ECF 1. Frank Bisignano became the Commissioner of Social Security on May 7, 2025. Accordingly, Commissioner Bisignano has been substituted as this case's Defendant pursuant to Federal Rule of Civil Procedure 25(d). *See* Fed. R. Civ. P. 25(d).

(collecting cases).

## II. ANALYSIS

Plaintiff contends that reconsideration is warranted to correct legal errors in the Court's July 30, 2025 Decision. ECF 18, at 1. According to Plaintiff, the Court erred in applying harmless-error review where it recognized that the ALJ did not build an accurate and logical bridge. *Id.* at 2. Plaintiff argues that that rather than rely on the record, the Court "affirm[ed the RFC] with *post hoc* justifications[.]" Plaintiff is correct that the Court must not substitute its own analysis of the evidence for the ALJ's, however, this is not what occurred here.

As noted in the July 30, 2025 Decision, "the ALJ failed to explain how the evidence supports the conclusion that Plaintiff could not work at a high-quota production-rate pace." ECF 16, at 5. However, the inquiry did not stop there, and the Court then applied a harmless-error standard to the ALJ's conclusion. *Id.* (citing *Patterson v. Comm'r of Soc. Sec. Admin.*, 846 F.3d 656, 658 (4th Cir. 2017)). In their decision, the ALJ concluded that Plaintiff had a moderate CPP limitation and limited him to mental restrictions in the RFC assessment, without explicitly relying on any opinions contained in the record. Tr. 35. The Court found, consistent with prior decisions in this District and elsewhere in the Fourth Circuit, that such a restriction from performing at a production rate pace, as imposed here, adequately accounts for a moderate CPP limitation. ECF 16, at 5 (collecting cases). Per *Mascio v. Colvin*, 780 F.3d 632, 363 (4th Cir. 2015), "further explanation by the ALJ, at least absent some evidentiary showing by the claimant . . . that he or she cannot perform even non-production-type work because of his or her particular CPP deficits" is not required. *Michelle W. v. O'Malley*, No. 23-2898-CDA, 2024 WL 3925065, at *3 (D. Md. Aug. 23, 2024) (quoting *Grant v. Colvin*, No. 15-0515, 2016 WL 4007606, at *9 (M.D.N.C. July 26, 2016)). Thus, although it is unclear how the ALJ determined that a high-quota production-rate pace limitation was necessary, the ALJ assessed the objective medical evidence and considered such throughout the RFC assessment. Tr. 36-39. Further, as the Court noted, "[t]o the extent that a pace limitation was necessary at all, the ALJ adopted an RFC provision that was more restrictive than anything suggested within the record." ECF 16, at 6. "This court does not reweigh evidence or make credibility determinations in evaluating whether a decision is supported by substantial evidence; '[w]here conflicting evidence allows reasonable minds to differ,' we defer to the Commissioner's decision." *Fiske v. Astrue*, 476 F. App'x 526, 527 (4th Cir. 2012) (quoting *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam)). That Plaintiff interprets the evidence differently from that of the ALJ (and this Court on a limited review) does not provide a basis for disturbing the July 30, 2025 Decision.

In essence, the Motion looks for the Court to "rethink what the Court had already thought through–rightly or wrongly," an improper basis for reconsideration. *Crocetti*, 2018 WL 3973074, at *1. The Motion fails to establish a need to "correct a clear error or to prevent manifest injustice." *Robinson*, 599 F.3d at 411.

## III. <u>CONCLUSION</u>

For the foregoing reasons, Plaintiff's Motion to Reconsider, ECF 18, is DENIED. Despite the informal nature of this letter, it should be flagged as a Memorandum Opinion and docketed as an Order.

Sincerely,

/s/

Charles D. Austin
United States Magistrate Judge